**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4194**

_____

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

DAMON KEYON JONES,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:97-cr-00178-NCT-1)

_____

Submitted: January 20, 2015      Decided: February 5, 2015

_____

Before MOTZ, DUNCAN, and DIAZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Keyon Jones appeals the district court's judgment revoking his supervised release and sentencing him to fifty-four months' imprisonment. On appeal, Jones argues that his sentence is plainly unreasonable. We vacate Jones' sentence and remand for resentencing.

This court will affirm a sentence imposed after revocation of supervised release "if it is within the statutory maximum and is not 'plainly unreasonable.'" United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006)). When reviewing whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Crudup, 461 F.3d at 438. A supervised release revocation sentence is procedurally reasonable if the district court considers the Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2012) factors applicable to supervised release revocation. See 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439.

Here, although the district court considered applicable § 3553(a) factors, it failed to calculate and

2

indicate consideration of the applicable policy statement range.[1]
We therefore conclude that Jones' sentence is procedurally unreasonable.

Having found the sentence unreasonable, we assess next whether it is plainly unreasonable. "To determine whether a sentence is plainly unreasonable, this Court looks to the definition of 'plain' used in plain-error analysis." United States v. Thompson, 595 F.3d 544, 547-48 (4th Cir. 2010). "For a sentence to be plainly unreasonable, . . . it must run afoul of clearly settled law." Id. at 548.

Because Jones did not preserve this claim for appellate review, our review is for plain error. See Fed. R. Crim. P. 52(b). To establish plain error, Jones must demonstrate that (1) the district court committed an error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). Even if these requirements are met, however, this court will "exercise [its] discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v.

---

[1] We reject as unsupported by the record the Government's argument to the contrary.

Nicholson, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

As stated, we recognize a sentencing error and find it to be plainly unreasonable because it runs afoul of clearly established law. See United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007); Crudup, 461 F.3d at 439. Additionally, because the sentence imposed by the district court was well above the advisory policy statement range calculated by the probation officer, Jones' substantial rights were affected by the error; had the district court calculated and considered the policy statement range, it might have given Jones a lower prison term. See Thompson, 595 F.3d at 548. Further, we choose to exercise our discretion to notice the error because the district court's failure to calculate and consider the policy statement range affected the fairness of the proceeding.

Accordingly, we vacate Jones' revocation sentence for a procedural sentencing error and remand for resentencing.[2] We dispense with oral argument because the facts and legal

---

[2] By this disposition, we indicate no view as to the appropriate sentence to be imposed by the district court on remand. We emphasize in this regard that we have not evaluated the substantive reasonableness of the sentence imposed by the district court; we have concluded only that the sentencing procedure followed by the district court was in error based on its failure to calculate and consider the policy statement range.

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED